Case 1:17-cv-00092 Document 20 Filed on 08/21/18 in TXSD Page 1 of 17

United States District Court
Southern District of Texas
**ENTERED**
August 21, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROBEL ROMERO-GONZALEZ, § | | |
| Movant, § | | |
| § | | |
| v. § | | Civil Action No. 1:17-cv-092 |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Robel Romero-Gonzalez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereinafter, Romero-Gonzalez's "Motion" or "§ 2255 Motion"), and his Memorandum of Points and Authorities in Support (hereinafter, Romero-Gonzalez's "Memorandum"). Dkt. Nos. 1 and 2. The Government has filed a joint Response and Motion for Summary Judgment (hereinafter, the Government's "Motion" or "Motion for Summary Judgment"). Dkt. No. 14. For the reasons provided below, it is recommended that the Court **GRANT** the Government's Motion and **DENY** Romero-Gonzalez's § 2255 Motion. Additionally, it is recommended that the Court **DECLINE** to issue a certificate of appealability.

**I. Jurisdiction**

This Court has jurisdiction over Romero-Gonzalez's Motion pursuant to 28 U.S.C. § 1331 and § 2255.

## II. Background

On September 27, 2016, Romero-Gonzalez pleaded guilty in this Division to being an alien unlawfully found in the United States after deportation, subsequent to having been convicted of a felony, in violation of 8 U.S.C. § 1326(a) and (b)(1). *See United States v. Robel Romero-Gonzalez*, 1:16-cr-702-1, Dkt. No. 31 at 1.[1] On December 15, 2016, United States District Judge Rolando Olvera sentenced Romero-Gonzalez to 51 months of imprisonment. *Id.* at 1-2. Judgment was entered on December 29, 2016, and an Amended Judgment was entered on January 13, 2017, to correct a clerical error contained in the first Judgment. *Id.* at 1; CR Dkt. No. 28. Romero-Gonzalez did not appeal. Dkt. No. 1 at 2.

Romero-Gonzalez filed his instant pro se § 2255 Motion on April 24, 2017. Dkt. No. 1 at 13.[2] Romero-Gonzalez's Motion and supporting Memorandum attempt to assert two grounds for relief. *Id.* at 4; Dkt. No. 2 at 4-11. First, he claims that his trial counsel provided him with ineffective assistance by failing to object when Judge Olvera allegedly sentenced him pursuant to the 2015 edition of the Sentencing Guidelines Manual, rather than the 2016 edition of the Manual. Dkt. No. 1 at 4; Dkt. No. 2 at 4. Second, he contends that his counsel provided him with ineffective assistance by failing to object to the miscalculation of his criminal

---

[1] Hereinafter, Romero-Gonzalez's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

[2] Romero-Gonzalez indicates that he gave his § 2255 Motion to prison authorities for mailing on April 24, 2017. Dkt. No. 1 at 13. The Court will consider his Motion filed on that date. *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).

history score. *Id.* The Government contends that Romero-Gonzalez's claims do not entitle him to § 2255 relief and are subject to summary judgment under Federal Rule of Civil Procedure 56. Dkt. No. 14 at 15-20.

### III. Legal Standards

**28 U.S.C. § 2255.** Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

**Federal Rule of Civil Procedure 56.** The standard applied when ruling on a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 56(a). In pertinent part, Rule 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*, *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548,

2552 (1986) (same). Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for summary judgment. Rule 56 requires that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), *cert. denied*, 531 U.S. 831, 121 S.Ct. 84 (2000). District courts considering motions for summary judgment in ordinary civil cases are required to construe the facts in the case in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255. Additionally, courts must construe the pleadings of pro se litigants liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**Ineffective Assistance of Counsel.** The "Sixth Amendment guarantees a[ll] defendant[s] the right to have counsel present at all 'critical' stages of the criminal proceedings" instituted against them. *Missouri v. Frye*, 566 U.S. 134, 140 (citing *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009)). Critical stages include not only trial, but also pretrial proceedings — including the plea-bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012); *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing is also constitutionally impermissible. *Lafler*, 566 U.S. 156. The constitutional standard for determining whether a criminal defendant has been

denied effective assistance of counsel at any of the critical stages mentioned above was announced by the Supreme Court in *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. 668, 687 (1984).

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994). A convicted defendant carries the burden of proof and must overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 230 (5th Cir. 2000); *Green v. Johnson*, 160 F.3d 1029, 1036 n.1 (5th Cir. 1998); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

In reviewing counsel's performance, the Court must be "highly deferential," making every effort "to eliminate the distorting effects of hindsight," and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Any deficiencies

in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution. *Id*. In order to establish that he sustained prejudice, the convicted defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Williams v. Taylor*, 529 U.S. 362, 391; *Strickland*, 466 U.S. at 694.

The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Williams*, 529 U.S. at 393 n. 17; *Strickland*, 466 U.S. at 692. Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or actual prejudice under that test will ordinarily make it unnecessary to examine the other prong. *Strickland*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 716, 721 (5th Cir. 1997); *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d 202, at 210 (5th Cir. 1994). Therefore, failure to establish that counsel's alleged performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987). It is also generally unnecessary to consider whether counsel's performance was deficient

where there is an insufficient showing of prejudice. *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986).

### IV. Discussion

Romero-Gonzalez's Motion and supporting Memorandum attempt to assert two grounds for relief. Dkt. No. 1 at 4; Dkt. No. 2 at 4-11. The Court will address each of his claims in the order presented.

**Romero-Gonzalez's First Claim**. Romero-Gonzalez claims that his trial counsel provided him with ineffective assistance by failing to object when Judge Olvera allegedly sentenced him pursuant to the 2015 edition of the Sentencing Guidelines Manual, rather than the 2016 edition of the Manual. Dkt. No. 1 at 4; Dkt. No. 2 at 4, 7-11. In support of this claim, he suggests that Judge Olvera improperly relied upon § 2L1.2 (b)(1)(A) of the 2015 edition of the Manual to apply a sixteen-point sentencing enhancement. Dkt. No. 2 at 2-3.

> The Court's probation officer subsequently compiled a Presentence Investigation Report ("PSR") utilizing the 2015 version of the United States Sentencing Guidelines ("U.S.S.G."). Relevant here, the PSR assigned Movant a base offense level of 8, pursuant to U.S.S.G. § 2L1.2(a). Probation then applied a 16-level increase to Movant's base offense under § 2L1.2(b)(1)(A), followed by a two-level decrease under § 3E1.1(a), producing a total offense level of 22. With a criminal history category ("CHC") of III, Movant's sentencing range was 51-63 months imprisonment.

*Id*.

The Presentence Investigation Report ("PSR") prepared by the United States Probation Office states that the "2016 edition of the Guidelines Manual" was used

in Romero-Gonzalez's case. CR Dkt. No. 19 at 5, ¶ 11. However, a supplemental addendum to the PSR provides two different computations of Romero-Gonzalez's total offense level. CR Dkt. No. 23 at 1-3. The first computation applies the 2015 edition of Guidelines Manual. *Id*. at 1. It provides a base offense level of 8, a specific offense characteristic enhancement of 16, a total offense level of 21, a criminal history category of VI, and a "guideline range for imprisonment of 77 to 96 months." *Id*. The second computation applies the 2016 edition of Guidelines Manual. *Id*. at 2. It provides a base offense level of 8, a specific offense characteristic enhancement of 12, a total offense level of 17, a criminal history category of VI, and a "guideline range for imprisonment of 51 to 63 months." *Id*. at 2-3.

The Government's Motion for Summary Judgment (Dkt. No. 14) does not address or cite the supplemental addendum to the PSR. Nevertheless, Judge Olvera sentenced Romero-Gonzalez to 51 months of imprisonment. CR Dkt. No. 31 at 2. In doing so, Judge Olvera stated that he was imposing a sentence "within the guideline range[.]" CR Dkt. No. 32 at 2. He also made no reference to the 2015 computation, and stated that he was adopting the PSR without change. *Id*. at 1; CR Dkt. No. 38 at 9 ("the Court will follow the recommendation of the Pre-Sentence Report, which requests 51 months with the Bureau of Prisons."). Accordingly, Judge Olvera sentenced Romero-Gonzalez pursuant to the 2016 edition of the Guidelines Manual, not the 2015 edition. *See* CR Dkt. Nos. 31 at 1-2, 32 at 1-2, and 38 at 9.

As Judge Olvera sentenced Romero-Gonzalez pursuant to the 2016 edition of the Guidelines Manual, any objection to the Court's alleged use of the 2015 edition would have been frivolous. Romero-Gonzalez's counsel was not required to make a frivolous objection. *Green v. Johnson*, 160 F.3d 1029, 1042 (defense counsel are "not required to file frivolous motions or make frivolous objections."). Romero-Gonzalez has not shown that his counsel provided him with ineffective assistance, nor has he otherwise satisfied the requirements of *Strickland* or § 2255. In fact, Romero-Gonzalez acknowledges this in his "Reply" to the Government's Motion, wherein he states that, after reading the Government's Motion, he now admits that his first claim is "moot as the government contends." Dkt. No. 19 at 2 ("The Government is correct, and Movant concedes, that he was not sentenced under the 2015 version of the Guidelines."). Romero-Gonzalez's first claim lacks merit and is subject to summary judgment.

**Romero-Gonzalez's Second Claim**. Romero-Gonzalez contends that his counsel provided him with ineffective assistance when he failed to object to the miscalculation of the criminal history score contained in the PSR. Dkt. No. 1 at 4; Dkt. No. 2 at 4, 8-11.

> Movant's prior Massachusetts convictions should have only been counted as a single sentence and assigned three (3) criminal history points under [U.S.S.G.] § 4A1.1(a). Additionally, Movant's prior federal reentry conviction, for which he received a 27-month term of imprisonment, was assigned three (3) criminal history points under § 4A1.1(a). Accordingly, Movant should have been scored as a Criminal History Category III offender. . . . As a Criminal History Category III, Movant's sentencing range would have been 30-37 months of imprisonment.

Dkt. No. 2 at 9-10 (formatting altered).

In response, the Government acknowledges that the PSR incorrectly assessed two points in PSR paragraph 27, an one point in PSR paragraph 29. Dkt. No. 14 at 17. After explaining that zero points should have been assessed in these two paragraphs, the Government argues that the error did not prejudice Romero-Gonzalez because it did not alter his ultimate criminal history category of VI. *Id*. The Government notes that, even if three points were removed from Romero-Gonzalez's 16-point criminal history score, Romero-Gonzalez's corrected score of 13 points would still result in a criminal history category of VI. *Id*. Therefore, the Government argues that Romero-Gonzalez cannot show that he was prejudiced by his counsel's failure to object to the PSR's incorrect computation. *Id*.

In his Reply, Romero-Gonzalez concedes that the Government "is partially correct," but argues that the PSR still incorrectly assessed his criminal history category. Dkt. No. 19 at 2-3.³ Romero-Gonzalez asserts that the PSR should have assessed a criminal history score of V, had U.S.S.G. § 4A1.1 and § 4A1.2 been correctly applied. *Id*. at 2-7. He argues that a criminal history category of V would have subjected him to a Guidelines sentencing range of 46-57 months of imprisonment. *Id*. at 6. Because he believes that Judge Olvera would have sentenced him at the low end of this Guideline range (i.e., 46 months), he contends

---

³ Romero-Gonzalez does not identify the Government arguments he believes to be partially correct. *See generally* Dkt. No. 19. However, unlike his § 2255 Motion, his Reply does not assert that the PSR wrongfully assessed points for his illegal reentry conviction. *Id*. As his Motion makes this assertion, but does not support it with any facts, evidence, or law, Romero-Gonzalez has not demonstrated that the PSR incorrectly assessed points for his illegal reentry conviction.

that his counsel's failure to object to the criminal history calculation constitutes prejudicial ineffective assistance. *Id.* at 6-7.

Utilizing the 2016 edition of the Guidelines Manual, the PSR assessed Romero-Gonzalez's criminal history points as depicted in Table A below.

**TABLE A**

| PSR Cite | Offense Date | Arrest Date | Conviction Date | Conviction* Type | Sentence Length | USSG Section & Points |
|---|---|---|---|---|---|---|
| ¶ 24 | 8/15/06 | 8/15/06 | 11/13/06 | POCS | Probation | 2; 4A1.1(b) |
| ¶ 25 | 3/05/07 | 3/13/07 | 3/13/09 | A&B, IW, MDP | >2 years | 3; 4A1.1(a) |
| ¶ 26 | 6/02/07 | 2/26/08 | 3/13/09 | A&B, A&BDW, TCC | >2 years | 3; 4A1.1(a) |
| ¶ 27 | 11/7/07 | 2/26/08 | 3/13/09 | TCC | 6 mths | 2; 4A1.1(b) |
| ¶ 28 | 8/03/08 | 12/1/08 | 3/13/09 | A&B, A&BDW, TCC | >2 years | 2; 4A1.1(b) |
| ¶ 29 | 12/1/08 | 12/1/08 | 3/13/09 | A&B, A&BDW | 2 years | 1; 4A1.1(c) |
| ¶ 30 | 5/04/12 | 5/04/12 | 3/08/13 | Illegal Reentry | 27 mths | 3; 4A1.1(a) |
| **Total Criminal History Points** | | | | | | **16** |

| * The Court utilizes the following acronyms in the tables contained in this Report: | |
|---|---|
| POCS | Possession of a Controlled Substance |
| A&B | Assault and Battery |
| IW | Intimidating a Witness |
| MDP | Malicious Destruction of Property |
| A&BDW | Assault and Battery with a Deadly Weapon |
| TCC | Threatening to Commit a Crime |

Dkt. No. 19 at 7-10. Paragraph 27 of the PSR applied § 4A1.1(b) of the Guidelines. Dkt. No. 19 at 8, ¶ 27. Section 4A1.1(b) provides for the addition of two points "for each prior sentence of imprisonment of at least sixty days not counted in [§ 4A1.1](a)." U.S.S.G. § 4A1.1(b). Paragraph 29 of the PSR applied § 4A1.1(c) of the Guidelines. Dkt. No. 19 at 9, ¶ 29. Section 4A1.1(c) provides for the addition of one point "for each prior sentence not counted in [§ 4A1.1](a) or (b), up to a total of 4 points for this subsection." U.S.S.G. § 4A1.1(c).

The PSR's application of §§ 4A1.1(b) and (c) in paragraphs 27 and 29 might appear correct upon a cursory review. However, as the Government acknowledges,[4] the commentary to U.S.S.G. § 4A1.1 states that the Section must be read in conjunction with the definitions and instructions contained in U.S.S.G. § 4A1.2. U.S.S.G. Chpt. 4, Pt. A, § 4A1.1 (Introductory Commentary). Section 4A1.2(a)(2) of the Guidelines explains how to compute a defendant's criminal history score, when the defendant has multiple prior sentences. U.S.S.G. § 4A1.2(a)(2).

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or treated as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Treat any prior sentence covered by (A) or (B) as a single sentence. *See also* § 4A1.1(e).

*Id*.

According to § 4A1.2(a)(2), then, the PSR should not have assessed any points for the convictions listed in paragraph 27. This is because the offenses listed in paragraphs 26 and 27 were not separated by an intervening arrest, and the sentences for all of the offenses were imposed on the same day. Likewise, the PSR should not have assessed any points for the convictions listed in paragraph 29 because the offenses listed in paragraphs 28 and 29 were not separated by an intervening arrest, and the sentences for all of the offenses were imposed on the same day. *See* U.S.S.G. § 4A1.2(a)(2).

---

[4] Dkt. No. 14 at 17.

Correcting these mistakes, an accurate PSR would have assessed Romero-Gonzalez's criminal history points as depicted below in Table B.

**TABLE B**

| PSR Cite | Offense Date | Arrest Date | Conviction Date | Conviction Type | Sentence Length | USSG Section & Points |
|---|---|---|---|---|---|---|
| ¶ 24 | 8/15/06 | 8/15/06 | 11/13/06 | POCS | Probation | 2 pts; § 4A1.1(b) |
| ¶ 25 | 3/05/07 | 3/13/07 | 3/13/09 | A&B, IW, MDP | >2 years | 3 pts; § 4A1.1(a) |
| ¶ 26 | 6/02/07 | 2/26/08 | 3/13/09 | A&B, A&BDW, TCC | >2 years | 3 pts; § 4A1.1(a) |
| ¶ 27 | 11/7/07 | 2/26/08 | 3/13/09 | TCC | 6 mths | 0 pts; § 4A1.1(b) |
| ¶ 28 | 8/03/08 | 12/1/08 | 3/13/09 | A&B, A&BDW, TCC | >2 years | 2 pts; § 4A1.1(b) |
| ¶ 29 | 12/1/08 | 12/1/08 | 3/13/09 | A&B, A&BDW | 2 years | 0 pts; § 4A1.1(c) |
| ¶ 30 | 5/04/12 | 5/04/12 | 3/08/13 | Illegal Reentry | 27 mths | 3 pts; § 4A1.1(a) |
| **Total Criminal History Points:** | | | | | | **13** |

Romero-Gonzalez, however, contends that his total criminal history score should have been 10, not 13. Dkt. No. 19 at 6.

> The government properly conceded that paragraphs 27 and 29 were improperly scored and suggested that three (3) criminal history points should be removed from Movant's criminal history calculation, giving Movant a total of "13 Criminal History Points". Subtracting another three (3) points for the erroneous calculation outlined above leaves Movant with 10 criminal history points and in [Criminal History Category] V.

*Id.* (record citations omitted). In support of this argument, Romero-Gonzalez asserts, somewhat unclearly, that he should have received an additional three-point reduction because the domestic abuse offenses listed in paragraphs 26-29 were only separated by one arrest. Dkt. No. 19 at 3-5 (referencing his convictions in cause numbers 0718CR003674, 0818CR005507, and 0818CR008338, and stating that "there was only one arrest between all of this conduct, i.e., February 26, 2008.").[5]

---

[5] Romero-Gonzalez also argues that, "[c]ontrary to the Government's suggestion, there was no intervening arrest between the conduct in Docket No. 0818CR005507" as assessed in PSR paragraph 28, and "Docket No. 0818CR008338" which is assessed in PSR paragraph

Here, there is an intervening arrest between paragraphs 26 and 29 of the PSR. As Romero-Gonzalez has demonstrated with his own evidentiary submissions, he was arrested for the offenses listed in PSR paragraph 28 on December 2, 2008. Dkt. No. 19 at 18 (containing documents from criminal cause number 0818CR005507).[6] Therefore, as depicted below in Table C, the PSR correctly assessed two points under PSR paragraph 28. *See* U.S.S.G. § 4A1.1(b) ("add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a)); U.S.S.G. § 4A1.2(a)(2) ("Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense).").

Although there is no intervening arrest between the offenses listed in paragraphs 26 and 27 of the PSR, the Government has already conceded that the PSR should not have assessed points for the offenses listed in paragraph 27. Dkt. No. 14 at 17. The Government has also conceded that the PSR should not have assessed points for the offenses listed in paragraph 29. *Id.* Accordingly, the PSR should have assessed the points in paragraphs 26-29 as depicted below in Table C.

---

29. Dkt. No. 19 at 5 (emphasis in original). As detailed below, however, the Government has already conceded that there was no intervening arrest between PSR paragraphs 28 and 29. Dkt. No. 14 at 17.

[6] The PSR lists an arrest date of December 1, 2008 for the offenses listed in paragraph 28. CR Dkt. No. 19 at 9, ¶ 28. However, the Government did not put evidence to support this arrest date into the record. *See* CR Dkt. No. 21 at 8-9. Romero-Gonzalez's counsel objected to the Government's failure to provide documentation regarding some of the convictions listed in the PSR. CR Dkt. No. 22 at 1-2. But, during the sentencing hearing, Romero-Gonzalez's counsel informed the Court that the Government had provided him with the necessary documentation and he withdrew his objections. Dkt. No. 38 at 2.

**TABLE C**

| *PSR Cite* | *Offense Date* | *Arrest Date* | *Conviction Date* | *Cause Number* | *Sentence Length* | *Corrected Points* |
|---|---|---|---|---|---|---|
| ¶ 26 | 6/02/07 | 2/26/08 | 3/13/09 | 0718CR003674 | >2 years | 3 pts |
| ¶ 27 | 11/7/07 | 2/26/08 | 3/13/09 | 0718CR007564 | 6 mths | 0 pts |
| ¶ 28 | 8/03/08 | 12/2/08 | 3/13/09 | 0818CR005507 | >2 years | 2 pts |
| ¶ 29 | 12/1/08 | 12/1/08 | 3/13/09 | 0818CR008338 | 2 years | 0 pts |

Romero-Gonzalez has not shown that any additional points should have been subtracted from the PSR calculations, nor has he otherwise shown that the PSR should have calculated 10 total criminal history points. *See* Dkt. Nos. 1, 2, and 19. The points listed in Table C are consistent with the points listed in Table B, as both tables provide 3 points under paragraph 26, zero points under paragraphs 27 and 29, and 2 points under paragraph 28. Providing Table B here again for convenience, the correct computation of Romero-Gonzalez's criminal history score under U.S.S.G. § 4A1.1 and § A1.2(a)(2) is as follows:

**TABLE B**

| *PSR Cite* | *Offense Date* | *Arrest Date* | *Conviction Date* | *Conviction Type* | *Sentence Length* | *USSG Section & Points* |
|---|---|---|---|---|---|---|
| ¶ 24 | 8/15/06 | 8/15/06 | 11/13/06 | POCS | Probation | 2 pts; § 4A1.1(b) |
| ¶ 25 | 3/05/07 | 3/13/07 | 3/13/09 | A&B, IW, MDP | >2 years | 3 pts; § 4A1.1(a) |
| ¶ 26 | 6/02/07 | 2/26/08 | 3/13/09 | A&B, A&BDW, TCC | >2 years | 3 pts; § 4A1.1(a) |
| ¶ 27 | 11/7/07 | 2/26/08 | 3/13/09 | TCC | 6 mths | 0 pts; § 4A1.1(b) |
| ¶ 28 | 8/03/08 | 12/1/08 | 3/13/09 | A&B, A&BDW, TCC | >2 years | 2 pts; § 4A1.1(b) |
| ¶ 29 | 12/1/08 | 12/1/08 | 3/13/09 | A&B, A&BDW | 2 years | 0 pts; § 4A1.1(c) |
| ¶ 30 | 5/04/12 | 5/04/12 | 3/08/13 | Illegal Reentry | 27 mths | 3 pts; § 4A1.1(a) |
| **Total Criminal History Points:** | | | | | | **13** |

Pursuant to Chapter 5, Part A, Zone D of the 2016 edition of the Guidelines Manual, a defendant with a total offense level of 17 and a criminal history score of 13 falls into a criminal history category of VI, resulting in a sentencing guideline range of 51 to 63 months. U.S.S.G. Ch. 5, Pt. A, Zone D, p. 420 (2016). As Romero-Gonzalez

was sentenced to 51 months of imprisonment, he has not shown that he was prejudiced by his counsel's failure to object to the PSR criminal history computation, nor has he otherwise satisfied the requirements of § 2255. His second claim lacks merit and is subject to summary judgment.

## V. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th

Cir. 2000). A certificate of appealability should not issue in this case because Romero-Gonzalez has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

It is recommended that the Court **GRANT** the Government's Motion for Summary Judgment (Dkt. No. 14), and **DENY** Romero-Gonzalez's § 2255 Motion (Dkt. No. 1). Additionally, it is recommended that the Court **DECLINE** to issue a certificate of appealability.

## VII. Notice to the Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 21st day of August, 2018.

_____
Ignacio Torteya, III
United States Magistrate Judge